UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-21061-CIV-MARTINEZ/SANCHEZ

CLOCK9NINE LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants,
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Clock9nine, LLC's ("Clock9nine") Motion for Preliminary Injunction (the "Motion"), ECF No. 12.[1] The Plaintiff has moved for entry of a preliminary injunction against the Defendants[2] based on alleged copyright infringement. The Court held a hearing on April 26, 2024, at which only counsel for the Plaintiff was present and available to provide evidence supporting the Motion. The Defendants have not responded to the Motion or made any filing in this case, nor have they appeared in this matter, either individually or through counsel. Having reviewed the Motion, its accompanying attachments, the record, and

---

[1] The Motion was originally filed as an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, but the Honorable Jose E. Martinez granted Plaintiff's request for entry of a temporary restraining order and an order restraining transfer of assets, ECF No. 14, and he then referred all matters relating to the Plaintiff's request for entry of a preliminary injunction to the undersigned to take all necessary and proper action as required by law, ECF No. 15.

[2] The Defendants are the Individuals, Partnerships, and Unincorporated Associations identified in Schedule A to the Complaint, ECF No. 1, as Defendants 1-2 and 4-66. Defendant No. 3 was voluntarily dismissed by the Plaintiff. ECF No. 33. Schedule A can be found on the public docket at ECF No. 11-4.

the relevant legal authority, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Preliminary Injunction be **GRANTED**.

## I. BACKGROUND[3]

Clock9nine LLC, is a Michigan Limited Liability Company with its principal place of business in West Bloomfield, Michigan. ECF No. 12-1 at ¶ 5 (Zufelt Decl.). It was founded in 2020 and is a family business that has been operating continuously since then. *Id.* at ¶¶ 5-6. Clock9nine uses vintage automotive parts to create one-of-a-kind works of clock art that are hand-assembled and tested to ensure that they meet high standards of excellence. ECF No. 12-1 at ¶¶ 5, 6 (Zufelt Decl.).

Clock9nine uses photographs that are protected by copyright and registered with the Copyright Office (the "Copyrighted Photographs") to advertise, market, promote, and sell its unique handmade clocks featuring vintage automotive parts. ECF No. 12-1 at ¶ 15. The Plaintiff's Copyrighted Photographs are duly registered with the Register of Copyrights under the registration number VA 2-337-245 as a group of 91 photographs entitled "Clock9nine Clocks, inspired by Automotive Parts." ECF No. 12-1 at ¶ 16; ECF No. 11-2. The Plaintiff is the owner of all rights in and to the Copyrighted Photographs, by written assignment. The Copyrighted Photographs are registered under Matthew Zufelt, who assigned the rights to the Copyrighted Work to Clock9nine LLC. ECF No. 12-1 at ¶ 17; ECF No. 11-3.

The Plaintiff markets and sells its unique handmade clocks featuring vintage automotive

---

[3] These background facts are taken largely from the Court's April 2, 2024 Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets. ECF No. 14 at 2-4. The record on the motion for preliminary injunction is the same as the record before the Court when it granted the temporary restraining order.

parts throughout the United States through its website at https://clock9nine.com/ and its stores on Etsy and Ebay, and its products are also sold across small artisan shops in Michigan, including at the following websites https://www.bourbonandbluffs.com/ and https://www.artisansbench.com/. ECF No. 12-1 at ¶¶ 7, 10.  The Plaintiff has spent significant resources advertising and marketing its unique handmade clocks featuring vintage automotive parts.  ECF No. 12-1 at ¶ 8.  The Plaintiff has never granted authorization to anyone to advertise, market, or promote unauthorized goods using the Plaintiff's Copyrighted Photographs.  ECF No. 12-1 at ¶ 19.

Through the uncontested sworn declaration of its owner, the Plaintiff asserts that the Defendants, through e-commerce stores operating via Internet marketplace platforms under the seller identification names identified on Schedule "A" to the Complaint (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing or using what the Plaintiff has determined to be counterfeits, infringements, reproductions and/or derivatives of the Plaintiff's Copyrighted Photographs.  ECF No. 12-1 at ¶¶ 28-29, 31; ECF No. 12-2 & 12-3 (Composite Exhibit 1 to Plaintiff's Motion).  The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make reproductions or derivatives of the Plaintiff's Copyrighted Photographs.  ECF No. 12-1 at ¶ 27.

The Plaintiff investigated the promotion and sale of infringing and counterfeit products by the Defendants and to obtain the available payment account data for receipt of funds paid to the Defendants for the sale of infringing merchandise through the Seller IDs.  ECF No. 12-1 at ¶¶ 20-21; ECF No. 12-4 at ¶¶ 9-11 (Rothman Decl.).  The Plaintiff or someone under its supervision accessed the e-commerce stores operating under the Defendants' Seller IDs and created detailed web page captures and images of the infringing products, offered for sale by the Defendants, bearing or using unauthorized copies or derivatives of the Plaintiff's Copyrighted Photographs.

ECF No. 12-1 at ¶¶ 23-26, 28-29; ECF No. 12-2 & 12-3. The Plaintiff or someone under its supervision reviewed and visually inspected the detailed web page captures and photographs reflecting the Plaintiff-branded products and determined the products were non-genuine, unauthorized versions of the Plaintiff's products that were being offered for sale to residents of the United States bearing or using unauthorized copies or derivatives of the Plaintiff's Copyrighted Photographs. ECF No. 12-1 at ¶¶ 28-29.

On March 19, 2024, the Plaintiff filed its Complaint against the Defendants for willful copyright infringement and piracy. ECF No. 1. On March 21, 2024, the Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. ECF No. 12.

## II.   LEGAL STANDARD

The Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, the Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schaivo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see* Fed. R. Civ. P. 65(a).

A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) actionable copying by the defendants. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

As outlined below, the Plaintiff submits sufficient evidentiary support to warrant enjoining the Defendants from engaging in the alleged infringing activities. *See, e.g., Louis Vuitton Malletier, S.A. v. Key Lin, et al.*, No. 10-61640-CIV-HUCK (S.D. Fla. Sept. 27, 2010) (granting

preliminary injunction against defendants who failed to respond or appear in the case, after plaintiff presented sufficient evidence of infringing activity to support its application for preliminary injunction).

### III. ANALYSIS

The declarations and exhibits submitted by the Plaintiff in support of its Motion support the following conclusions of law:

A. The Plaintiff has a substantial likelihood of success on the merits of its copyright infringement claim. The Plaintiff has a strong probability of proving at trial that the Plaintiff is the owner of a valid copyright for the Copyrighted Photographs, and that the Defendants advertise, promote, sell, offer for sale, or distribute goods bearing or using unauthorized reproductions or derivatives of the Plaintiff's Copyrighted Photographs.

B. Because of the infringement of the Copyrighted Photographs, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth by the Plaintiff in its Complaint, Motion, and accompanying declarations and exhibits, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers if a preliminary injunction is not issued:

  i. The Defendants own or control e-commerce stores via Internet marketplace platforms operating under their Seller IDs, which advertise, promote, offer for sale, and sell products bearing or using without authorization the Copyrighted Photographs in violation of the Plaintiff's rights;

  ii. There is good cause to believe that more infringing products bearing or using unauthorized copies or derivatives of the Plaintiff's copyrights will appear in the marketplace, that consumers are likely to be misled, confused, or disappointed by

    the quality of these products, and that the Plaintiff may suffer loss of sales for its genuine and unique handmade clocks featuring vintage automotives parts; and

  iii. There is good reason to believe that the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless the restraint of those assets ordered in the Temporary Restraining Order, ECF No. 14, is continued.

C. The potential harm to the Defendants in restraining their trade in infringing branded goods using the Copyrighted Photographs if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its intellectual property, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's copyright interests, to encourage respect for the law, and to protect the public from being defrauded by the palming off, through the unauthorized use of the Plaintiff's Copyrighted Photographs, of infringing goods as the Plaintiff's genuine and unique handmade clocks featuring automotive parts.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Preliminary Injunction, ECF No. 12, be **GRANTED**. The Undersigned further recommends that the preliminary injunction provide as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

 a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using Plaintiff's Copyrighted

        Photographs or confusingly similar images, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using Plaintiff's Copyrighted Photographs or confusingly similar images; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiff's Copyrighted Photographs or confusingly similar images; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

    c. From copying, displaying, distributing, or creating derivative works of Plaintiff's copyright.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiff's Copyrighted Photographs or confusingly similar images, on or in connection with all Internet-based e-commerce stores owned and operated or controlled by them, including those operating under the Seller IDs. This Order is limited to the Defendants' listings using Plaintiff's Copyrighted Photographs or confusingly similar images, on or in connection with all Internet-based e-commerce stores owned and operated, or controlled by them, including the Internet-based e-commerce stores operating under the

Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiff's Copyrighted Photographs or confusingly similar images, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer or user or serves to direct computer searches to Internet-based e-commerce stores registered, owned, or operated by any Defendant, including the Internet-based e-commerce stores operating under the Seller IDs.

(4) Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to, Amazon.com and/or Amazon Payments, Inc. ("Amazon"), eBay.com ("eBay"), PayPal, Inc. and/or PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), LianLian, Klarna, Stripe, Inc. and/or Stripe Payments Company ("Stripe"), Walmart.com ("Walmart"), and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-

accounts, associated with the Internet-based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for the Defendants' benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

(7) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to those listed above, shall, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) to which the restrained funds are related; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

(8) No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(9) No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

(10) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(11) This Order shall apply to the Seller IDs listed in both Schedule A to the Complaint and Exhibit 1 attached hereto, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of copying or using in any way Plaintiff's Copyrighted Photographs.

(12) This Preliminary Injunction shall remain in effect during the pendency of this action, or until such other dates as may be set by the Court.

(13) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond (ECF No. 20) in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment for damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.

---

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. The parties shall accordingly have **until 5:00 p.m. on April 30, 2024** to file and serve any written objections to this Report and

Recommendation.  Failure to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 28th day of April, 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

| DOE No. | Marketplace | Seller Name | Seller ID |
|---|---|---|---|
| 1 | Amazon | tongdshop | A3ONPMS80EBLY5 |
| 2 | Amazon | Xinyuyue | A3CQDW3RAFLBFD |
|  |  |  |  |
| 4 | Amazon | Cut a good product | A37YFQZ1AF0KWW |
| 5 | Amazon | DAIHONGSAFI | A36XSU8E2KL1X1 |
| 6 | Amazon | greatiboon | A7IP79NFGVW5D |
| 7 | Amazon | HJCsix | A1TBGKBDFEWRJ3 |
| 8 | Amazon | Huanghong Boutique | A2QIKTY11WM3Y9 |
| 9 | Amazon | Juquline | A12F9IGWWQO6GL |
| 10 | Amazon | keyng | A2WIB1TOOV20EA |
| 11 | Amazon | kinley li | AS0L8H32SLF4L |
| 12 | Amazon | Lanxi Liuer Used Car Sales Co., Ltd. | A2GQUCF0HR2NX6 |
| 13 | Amazon | LBBYZHIZAO-USA | A1G76LD30EK55P |
| 14 | Amazon | LiHuaqiaoaef | A25F11HJ58CZ4Z |
| 15 | Amazon | LMJHHY | A2XLJ2ZYHYDRPG |
| 16 | Amazon | MUHNGT | A5OAP24VFZTPS |
| 17 | Amazon | MXSMYDS | A25WNWMYFRCWD8 |
| 18 | Amazon | PINNING | A3NDDZO3TQRX3D |
| 19 | Amazon | Red Dream -6 | A34WFHBPCSGF91 |
| 20 | Amazon | Shuofeng Trading Co., Ltd. | A1CDIG28EXOUKZ |
| 21 | Amazon | sweet top us | A8GMFT0WLGZKB |
| 22 | Amazon | Three Mushrooms Co. | A1HKGXV4QJH94Q |
| 23 | Amazon | TOZLU | A8YC3DV46ZGP7 |
| 24 | Amazon | weixinsd | A8RPDF2GWF9LC |
| 25 | Amazon | xiaogeyouxuan | A51GGBFJR07QV |
| 26 | Amazon | YOUNGIE | AP55U8SW93CR7 |
| 27 | eBay | agrrosg | agrrosg |
| 28 | eBay | alpinetopline | alpinetopline |
| 29 | eBay | aquapina | aquapina |
| 30 | eBay | avitauy | jahwuoutdoorgames |
| 31 | eBay | bestdeal201718 | bestdeal201718 |
| 32 | eBay | besthomeapply | besthomeapply |
| 33 | eBay | danwill1427 | danwill1427 |
| 34 | eBay | ddxia-2021x | ddxia2021x |
| 35 | eBay | emilyemilyli | emilyemilyli |
| 36 | eBay | factorymotoe | factorymotoe |
| 37 | eBay | fireboy62 | fireboy62 |
| 38 | eBay | fufuxiaolel | fufuxiaolel |
| 39 | eBay | gardensupplies_online17 | gardensuppliesonline2017 |
| 40 | eBay | gracefulce | gracefulce |

**EXHBIT 1 - Page 1 of 2**

| 41 | eBay | leonleon | leonleon |
|---|---|---|---|
| 42 | eBay | lingdser | lingdser |
| 43 | eBay | lingoder | hiluckyss |
| 44 | eBay | listhile | listhile |
| 45 | eBay | meriemaj | meriemaj |
| 46 | eBay | rongtyh | sunshineinmyhouse |
| 47 | eBay | shenglodge72 | shenglodge72 |
| 48 | eBay | sportsloving | sportsloving |
| 49 | eBay | wetirko | wetirko |
| 50 | eBay | winpeer | winpeer |
| 51 | eBay | wojiaoneline | wojiaoneline |
| 52 | eBay | xssc4556 | xssc4556 |
| 53 | eBay | zeokwe | peogaws |
| 54 | Walmart | acelit | 101240020 |
| 55 | Walmart | Ainiiwode | 101090719 |
| 56 | Walmart | Beauty Express | 101127630 |
| 57 | Walmart | Enjoy Your Time | 101107886 |
| 58 | Walmart | JLKJ | 101219985 |
| 59 | Walmart | Junhui Trading Co., Ltd | 101253947 |
| 60 | Walmart | LIKE MEI | 101126479 |
| 61 | Walmart | Lucky Day | 101137532 |
| 62 | Walmart | maggreat | 101093674 |
| 63 | Walmart | SOFEIYA HOME | 101556636 |
| 64 | Walmart | SunnyGarden | 101277098 |
| 65 | Walmart | TY Toys Co. Ltd | 101262882 |
| 66 | Walmart | up every day | 101176589 |

**EXHBIT 1 - Page 2 of 2**