UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-21061-CIV-MARTINEZ/SANCHEZ

CLOCK9NINE LLC,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants,
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT**

This matter is before the Court on Plaintiff Clock9nine, LLC's Motion for Entry of Final Judgment by Default as to Certain Defendants Identified on Schedule "A," ECF No. 42. A clerk's default was entered against Defendants listed in Schedule "A" to the Plaintiff's Complaint numbered 1, 2, 4, 6 to 22, 24 to 27, 30 to 32, 34, 35, 37, 38, 40 to 47, 49, 50, 52 to 55, 58 to 59, 62, and 65 (the "Remaining Defendants"). ECF No. 41; *see also* ECF Nos. 1 (Redacted Complaint), 11-1 (Unredacted Complaint).[1] The Remaining Defendants failed to appear, answer, or otherwise respond to the complaint, despite having been served. The Plaintiff now seeks entry of final default judgment against the Remaining Defendants. ECF No. 56. Having carefully considered the Plaintiff's motion, the record in this case, the applicable law, and being otherwise

---

[1] A clerk's default was also entered as to Defendant No. 5 listed in Schedule "A" to the Plaintiff's Complaint. *See* ECF Nos. 1-1, 41. However, the Plaintiff filed a notice of voluntary dismissal as to Defendant No. 5 after filing the motion for default judgment, and Plaintiff accordingly longer seeks A final default judgment against Defendant No. 5. *See* ECF No. 44.

fully advised, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Entry of Final Judgment by Default, ECF No. 42, be **GRANTED**.

## I.  BACKGROUND[2]

The Plaintiff commenced this action against the Defendants, alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, *et seq*. ECF No. 11-1; ECF No. 1.

The Plaintiff owns a single copyright registration for a set of 91 photographs ("Copyrighted Images"), which are registered with the United States Copyright Office and protected from infringement under federal copyright law. *See* ECF No. 11-1 at ¶¶ 20-21; ECF No. 11-2 (Copyright Registration); ECF No. 11-3 (Copyright Assignment); *see also* ECF No. 12-1 (Dec. of Matthew A. Zufelt). The Plaintiff's complaint alleged the Plaintiff's ownership of the Copyrighted Images and attached exhibits documenting its ownership: a copy of the U.S. Copyright Registration for Registration Number VA 2-337-245, Effective Date January 29, 2023, registered to the owner of Clock9nine, Matthew Zufelt, and a copy of the copyright assignment from Mr. Zufelt to Clock9nine. ECF No. 11-1 at ¶¶ 20-21; ECF Nos. 11-2; 11-3. Plaintiff is the owner of all rights, title, and interest to the Copyrighted Images, which have been used in connection with the advertising, marketing, promotion, and sale of its handmade clocks featuring vintage automotive parts. ECF No. 1 at ¶¶ 19-22; ECF No. 11-1 at ¶¶ 19-22; ECF No. 42 at 3.

The Plaintiff's complaint alleges that "Defendants are promoting, advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce using exact copies, substantially similar copies and/or derivatives of the Copyrighted [Images] through at least the

---

[2] The following facts are admitted as a result of the Defendants' default. *See, e.g.*, *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); Section II *infra*.

Internet based e-commerce stores operating under the Seller IDs," and that they are doing so "without Plaintiff's permission."  ECF No. 11-1 at ¶¶ 63, 68; ECF No. 1-1 at ¶¶ 63, 68; *see also* ECF No. 42 at 5; ECF No. 11-1 at ¶ 23.  The Remaining Defendants were served with the summons and the complaint, as well as the Plaintiff's Motion for Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule (ECF No. 22), in a manner consistent with the Court's Order Authorizing Alternate Service of Process, ECF No. 13.  *See* ECF Nos. 26, 27.  The Remaining Defendants have not answered or otherwise responded to the complaint or moved for additional time in which to do so.  On June 6, 2024, the Clerk entered default against the Remaining Defendants.  ECF No. 41.  Thereafter, the Plaintiff filed the instant motion, in which it requests that the Court (1) grant default final judgment against the Remaining Defendants; (2) enjoin the Remaining Defendants' unlawful use of the Plaintiff's Copyrighted Images; and (3) award the Plaintiff damages, costs, and reasonable attorneys' fees.  ECF No. 42 at 2.

## II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002).  The effect of a clerk's default is that all of the plaintiff's well-pled allegations are deemed admitted.  *See, e.g.*, *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pled allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only the well-pled allegations are admitted because "entry of default judgment is only

warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) ("The Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).  Therefore, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered.").  If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required.  *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2395475, at *1 (S.D. Fla. Mar. 7, 2023).

If there are multiple defendants, the plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.  *Zuru Inc. v. Individuals*, No. 1:23-cv-22217-WILLIAMS/REID, 2024 WL 1809310, at *2 (S.D. Fla. Mar. 29, 2024).  Generally, if one

defendant who is alleged to be jointly and severally liable with other defendants defaults, judgment should not be entered against that defendant until the matter is adjudicated against all the remaining defendants. *Id.* (citing 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998), and *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting Defendant alone, pending the continuance of the cause, would be incongruous and illegal.")).

Here, the Plaintiff has stated in its motion that there are no allegations of joint and several liability with respect to damages. ECF No. 42 at 6. The Remaining Defendants have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability between the Remaining Defendants, and an adjudication may be entered.

### III.   ANALYSIS

#### A.  Liability

The Copyright Act provides, in part, that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section 106A(a) . . . is an infringer of the copyright or right of the author." 17 U.S.C. § 501(a). A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) copying by defendants of constituent elements of the work that are original. *See, e.g.*, *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

For the first prong, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities," *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)), and a "certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and

5

of the facts stated in the certificate," 17 U.S.C. § 410(c); *see Latimer*, 601 F.3d at 1233; *XYZ Corp. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A,"* 668 F. Supp. 3d 1268, 1274 (S.D. Fla. 2023).  The second prong, the copying element of an infringement claim, has two components: (1) a plaintiff must demonstrate that the defendants copied the plaintiff's work as a factual matter; and (2) the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Latimer*, 601 F.3d at 1232-33; *XYZ Corp*, 668 F. Supp. 3d at 1274-75.

In the unredacted complaint, the Plaintiff alleged that it is the owner of a set of 91 photographs (*i.e.*, the Copyrighted Images) that were registered with the United States Copyright Office under a single copyright registration, Registration Number VA 2-337-245, Effective Date January 29, 2023.  ECF No. 11-1 at ¶ 20; *see also* ECF Nos. 11-2; 11-3.  The Plaintiff attached the Copyright Registration to its unredacted complaint, which indicates that the first publication of the copyrighted work was on January 15, 2021.  *See* ECF No. 11-2; *see also* ECF No. 11-1 at ¶ 20.  Because the certificate of registration was "made before or within five years after first publication" of the copyrighted work, the Copyright Registration constitutes prima facie evidence of the validity of the copyright.  17 U.S.C. § 410(c).  The Plaintiff also attached a copy of the copyright assignment from Mr. Zufelt, under whose name the Copyrighted Images were registered, to Clock9nine.  ECF No. 11-3.  As such, the undersigned finds that the Plaintiff was the owner of a valid copyright for the Copyrighted Images.  In addition, the Plaintiff alleged that the Remaining Defendants were using, without the Plaintiff's permission or authorization, exact copies, substantially similar copies, and/or derivatives of the Plaintiff's Copyrighted Images in their advertising, distributing, selling, and/or offering for sale of infringing goods, and they additionally produced documents showing such copying.  ECF No. 1-1 at ¶¶ 63, 68, 76; ECF No. 11-1 at ¶¶ 63,

68, 76; ECF Nos. 12-2 (Photographs of Infringing Products, Part I), 12-3 (Photographs of Infringing Products, Part II); *see also* ECF No. 42 at 5; ECF No. 11-1 at ¶ 92. A review of the Copyrighted Images and the images published by the Remaining Defendants supports the Plaintiff's claims that the images are substantially similar. *Compare* ECF No. 11-2, *with* ECF Nos. 12-2, 12-3.

Accordingly, the Plaintiff has alleged all the required elements to state a claim for copyright infringement. Therefore, the Plaintiff is entitled to entry of a final default judgment against the Remaining Defendants on its claim of copyright infringement.

### B. Statutory Damages

A copyright owner may choose between two types of damages: actual damages and any additional profits of the infringer, or statutory damages. *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997); 17 U.S.C. § 504(a)-(c). The Copyright Act provides for statutory damages for copyright infringements "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "In addition, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award of statutory damages up to $150,000.00 when infringement was committed willfully." *XYZ Corp.*, 668 F. Supp. 3d at 1276-77. "In awarding enhanced damages in the context of section 504(c)(2), 'deterrence of future violations is a legitimate consideration' because 'defendants must not be able to sneer in the face of copyright owners and copyright laws.'" *XYZ Corp.*, 668 F. Supp. 3d at 1277 (quoting *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990)). "'In interpreting section 504(c), courts have held that the statute vests the trial court with wide discretion to set damages within the statutory limits.'" *Id.* (quoting *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994)).

"Defendants, who have not appeared, control all the necessary information for a calculation

of relief under [17 U.S.C.] § 504(b)," which provides for recovery of both the Plaintiff's actual damages and any additional profits of the Defendants that are attributable to their infringement. *XYZ Corp.*, 668 F. Supp. 3d at 1277. As a result, the Plaintiff cannot calculate an amount recoverable under § 504(b). Instead, the Plaintiff seeks statutory damages for the Remaining Defendants' willful infringement of Plaintiff's Copyrighted Images under 17 U.S.C. § 504(c)(2). *See* ECF No. ECF No. 42 at 9-10.

To determine whether the Plaintiff is entitled to statutory damages for the Remaining Defendants' willful infringement, the Court must first determine if the copyright infringement was willful. *XYZ Corp.*, 668 F. Supp. 3d at 1277. "Willful infringement occurs 'when the infringer acted with "actual knowledge or reckless disregard for whether its conduct infringes upon the plaintiff's copyright."'" *Id.* (quoting *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)). A court may infer that a defendant willfully infringed a plaintiff's copyright because of a defendant's default. *Id.* (citing *Arista Records*, 298 F. Supp. 2d at 1313).

Here, the Plaintiff alleged that the Remaining Defendants were, without authorization or permission, "promoting, advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce using exact copies, substantially similar copies and/or derivatives of the Copyrighted [Images] through at least the Internet based e-commerce stores operating under the Seller IDs." ECF No. 11-1 at ¶ 63; ECF No. 1-1 at ¶ 63; *see also, e.g.*, ECF No. 11-1 at ¶¶ 23, 37, 68, 70, 76, 92; ECF No. 1-1 at ¶¶ 23, 37, 68, 70, 76, 92. Indeed, the Plaintiff specifically alleged that the "Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights." ECF No. 11-1 at ¶ 77; ECF No. 1-1 at ¶ 77. These facts, established by the Remaining Defendants' default and the well-pleaded facts of the complaint, demonstrate that the Remaining Defendants acted

8

willfully, that is, knowingly or with at least reckless disregard of the fact that their conduct infringed upon the Plaintiff's exclusive copyright. Accordingly, the Plaintiff has adequately established that the Remaining Defendants' infringement of Plaintiff's copyright was willful.

The Plaintiff suggests the Court award statutory damages of $100,000.00 per defaulting Defendant. ECF No. 42 at 10. This suggested award is within the statutory range for a willful violation and is sufficient to compensate the Plaintiff, punish the Remaining Defendants, and deter the Defendants and others from continuing to infringe the Plaintiff's copyright. Accordingly, the undersigned recommends that the Court award damages of $100,000 against each of the Remaining Defendants.[3]

### C. Injunctive Relief

The Copyright Act provides that a court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *see also Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 & n.17 (11th Cir. 1984) (noting that the Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); *Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule 'A'*, No. 1:23-CV-22322-KMW, 2023 WL 6171566, at *3 (S.D. Fla. Sept. 21, 2023) (recognizing that the Copyright Act, through 17 U.S.C. § 502, "permit[s] the entry of an injunction to restrain violations" of the Act). Injunctions are

---

[3] Notably, although the Plaintiff has requested an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505, *see* ECF No. 1 at 15, 18; ECF No. 11-1 at 15, 18; ECF No. 42 at 2, the Plaintiff has also stated that "Plaintiff's suggested award [of statutory damages] would adequately compensate Plaintiff, including for his expenditure of attorney's fees and costs," ECF No. 42 at 11, and Plaintiff has provided no argument or any information about costs and attorneys' fees. Accordingly, and because the undersigned recommends damages in the amount of Plaintiff's suggested award, Plaintiff's separate claim for costs and reasonable attorneys' fees is deemed abandoned. *See, e.g.*, *Gandol v. Constr. Servicing Ctr., Inc.*, No. 23-24924-CIV, 2024 WL 1420902, at *2 (S.D. Fla. Feb. 23, 2024).

9

"regularly issued" pursuant to § 502 because "the public interest is the interest in upholding copyright protections," and courts also "regularly issue injunctions as part of default judgments." *Arista Records*, 298 F. Supp. 2d at 1314 (quotations omitted); *see also, e.g., XYZ Corp.*, 668 F. Supp. 3d at 1275 ("Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction.").

A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). As explained below, the Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Here, the Plaintiff has demonstrated that if the requested injunctive relief is not granted then it will suffer irreparable injury. The Plaintiff's allegations establish that the Remaining Defendants' unauthorized use of the Copyrighted Images has caused and will continue to cause Plaintiff irreparable injury by depriving Plaintiff of its right to fairly compete for space within search engine results, reducing the visibility of Plaintiff's genuine goods on the World Wide Web, causing consumer confusion, deception, and mistake concerning the Copyrighted Images and the Plaintiff's goods, decreasing the size of Plaintiff's legitimate marketplace, causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and increasing Plaintiff's overall costs to market its goods. *See* ECF No. 11-1 at ¶¶ 16, 59, 61, 72, 78-79; *see also id.* at ¶ 18 (Plaintiff is required to "to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from

the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion and the erosion of Plaintiff's brand."). Such circumstances demonstrate irreparable harm. *See, e.g.*, *Longyan Dubaite Qipie Co. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A,"* No. 22-23730-CIV, 2023 WL 2388609, at *3 (S.D. Fla. Jan. 20, 2023) (explaining that, "'[i]n copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits,'" and that "irreparable harm exists where, as here, the infringers' unauthorized use of Plaintiff's intellectual property causes confusion among consumers and damages business reputation and brand confidence" (quoting *Arista Records*, 298 F. Supp. 2d at 1314)); *C.B. Fleet Co. v. Unico Holdings, Inc.*, 510 F. Supp. 2d 1078, 1083 (S.D. Fla. 2007) (finding that harm to reputation, goodwill, and integrity of copyrighted materials demonstrated irreparable harm); *see also Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 191 (11th Cir. 2005) (recognizing in a trademark infringement case that the loss of control of one's reputation "supplies the substantial threat of irreparable harm"). Moreover, the recommended award of statutory damages in this case would not preclude further monetary and non-monetary injury to Plaintiff, and there appear to be no other remedies at law that would adequately compensate Plaintiff if the Defendants were to continue to use the Copyrighted Images without Plaintiff's permission. *See Giles v. Relevant Media Group, Inc.*, 6:23-CV-1192, 2024 WL 1333635, at *5 (M.D. Fla. Mar. 1, 2024), *report and recommendation adopted*, 2024 WL 1756931 (M.D. Fla. Apr. 24, 2024). Unless the Remaining Defendants are enjoined from further use of the Copyrighted Images, the Plaintiff will continue to be harmed.

When considering the balance of hardships between the Plaintiff and the Remaining Defendants, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Alpha Signs & Designs v.*

*Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A,"* No. 24-cv-20096, 2024 WL 3543724, at *4 (S.D. Fla. Apr. 3, 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)), *report and recommendation adopted*, 2024 WL 3543702 (S.D. Fla. May 24, 2024). The balance of harms weighs in favor of granting Plaintiff a permanent injunction. Unless the Remaining Defendants continue to be enjoined and restrained, the Plaintiff is likely to suffer further injuries (*e.g.*, loss of goodwill and reputational harm) that cannot be fully compensated or measured in money. The costs and hardship that the Plaintiff will suffer if its copyrighted work is not protected by an injunction outweigh any potential damage to the Remaining Defendants. Although a permanent injunction would prevent the Remaining Defendants from publicly using Plaintiff's Copyrighted Images without permission, that is not a genuine harm. *See, e.g., Goldstein v. Fortador, LLC*, 24-CV-20116, 2024 WL 3106108, at *11 (S.D. Fla. May 20, 2024), *report and recommendation adopted*, 2024 WL 3103355 (S.D. Fla. June 24, 2024). But, even if it were, such "purported 'harm' would not outweigh the justification behind issuing this injunction." *Id.*

Finally, the imposition of an injunction in this case would not disserve the public interest because "the public interest *is* the interest in upholding copyright protections." *Arista Records*, 298 F. Supp. 2d at 1314 (emphasis added). Thus, having satisfied all four elements necessary for the issuance of permanent injunctive relief, the Plaintiff is entitled to a permanent injunction.

### IV.  CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Entry of Final Judgment by Default as to Certain Defendants Identified on Schedule "A," ECF No. 42, be **GRANTED**, that default final judgment be entered in favor of the Plaintiff and against the Remaining Defendants (that is, against those Defendants listed in Schedule "A" to the Plaintiff's Complaint and numbered 1, 2, 4, 6 to 22, 24 to 27, 30 to 32, 34,

35, 37, 38, 40 to 47, 49, 50, 52 to 55, 58 to 59, 62, and 65), and that the Court award damages and injunctive relief as described above.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within six (6) days from the date of this Report and Recommendation, that is, **by Monday, March 24, 2025**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 18th day of March, 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
     Counsel of Record